UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
JOERY DORSAINVIL

        Plaintiff

        v.

THE CITY OF NEW YORK

NEW YORK CITY POLICE DETECTIVE
MICHELLE MORRA, SHIELD NO. 28880

FORMER NEW YORK CITY POLICE
DETECTIVE MICHELLE GERLICK

        Defendants
-------------------------------------------------------

COMPLAINT
Civil Case No.
Under the Civil Rights Act.
42 U.S.C. § 1983

1. Now comes the Plaintiff Joery Dorsainvil, by and through his attorney, Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, complaining against the following Defendants and alleging the following:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because the City of New York is located in this District and the Defendants are located in Kings County.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Joery Dorsainvil is a citizen of the United States who resides in New York City.

7. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

8. Defendant New York City Police Detective Michelle Morra, Shield No. 28880 is being sued individually and in an official capacity.

9. Michelle Gerlick is a former New York City Policde Detective who was employed at the 70th Precinct.

10. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

11. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

12. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other

supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

13. Each of the Defendants are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizibng or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City of New York or by agents and officers under the direction and control of the City of New York, and by failing to take remedial or disciplinary action against said agents or officers.

## FACTS

14. Plaintiff Joery Dorsainvil was arrested on 9 October 2014 by former New York City Police Detective Michelle Gerlick.

15. Upon information and belief, that being Plaintiff Joery Dorsainvil, he was detained in custody from 9 October 2014 to 22 April 2016.

16. Plaintiff Joery Dorsainvil was eventually indicted, based on the above-mentioned arrest, under Kings County Indictment Number 08504-2014.

    a. The Plaintiff was charged under Kings County Indictment Number 08504-2014 with the following criminal offenses (1) Attempt Murder in the Second Degreee, (2) Assault in the First Degree, (3) Attempted Assault in the First Degree, (4) Assault in the Second Degree, (5) two counts of Criminal Possession of a Weapon in the Second Degree, (6) Criminal Possession of a Firearm, and (7) Criminal Possession of a Weapon in the Fourth Degree.

17. Upon information and belief, that being Plaintiff Joery Dorsainvil, the Plaintiff denies committing any of the afore-mentioned criminal offenses, and the Plaintiff states that he was arrested for the above-mentioned charges – related to indictment Number 08504-2014 – without probable cause, or arguable probable cause.

18. Upon information and belief, that being Plaintiff Joery Dorsainvil, the Plaintiff states that the reason that he was indicted by the grand jury – on Kings County Indictment Number 08504-2014 – was because Detective Michelle Morra lied to the grand jury, and told the grand jury that Plaintiff Dorsainvil make an oral confession where Plaintff admitted to committing the afore-mentioned criminal offenses.

19. Upon information and belief, that being Plaintiff Joery Dorsainvil, the Plaintiff denies ever making any type of confession, or admission, related to the above-mentioned criminal offenses to any one. Upon information and belief, that being Plaintiff Joery

Dorsainvil, Detective Michelle Morra did not tell the grand jury the truth.

20. Plaintiff Joery Dorsainvil was found not guilty of all of the charges in Kings County Indictment Number 08504-2014 on 22 April 2016. The case was dismissed and sealed on the merits on 22 April 2016.

## FEDERAL CLAIMS

## COUNT ONE: FALSE ARREST

21. Plaintiff re-alleges paragraphs 1 through 19 as though set forth in full herein.

22. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Officers on or about 9 October 2014 in relation to the charges in Kings County Indictment Number 08504-2014..

23. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff on 9 October 2014.

24. The Plaintiff denies committing any offense related to Kings County Indictment Number 08504-2014.

25. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

26. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution in relation to Kings County Indictment Number 08504-2014.

27. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of

life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 27 as though set forth in full herein.

28. The Plaintiff states that he was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Detective – in relation to Kings County Indictment Number 08504-2014 – on or about 9 October 2014.

29. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff because on or about 9 October 2014, in relation to Kings County Indictment Number 08504-2014.

30. The Plaintiff denies committing any offense related to Kings County Indictment Number

08504-2014.

31. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

32. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

33. Upon information and belief, that being the Plaintiff in this case, the Plaintiff had not committing any crime or offense – in relation to Kings County Indictment Number 08504-2014 – wen he was arrested on 9 October 2014.

34. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

35. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

36. Plaintiff re-alleges paragraphs 1 through 35 as though set forth in full herein.

37. Plaintiff states that Defendant Police Officer denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Detectives "shocks the conscience".

38. The Plaintiff states the Defendant Police Detectives conducted a reckless investigation in that the Defendants arrested the Plaintiff – on or about 9 October 2014 – without probable cause, or arguable probable cause, to believe that the Plaintiff had committed a crime.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE DETECTIVES

39. Plaintiff re-alleges paragraphs 1 through 38 as though set forth in full herein.

40. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers.

41. The Plaintiff had not committed any crime or violated any law.

42. Defendant Police Detective Morra lied and told the grand jury that the Defendant confessed to a crime..

43. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand that a police officer has to tell the truth under oath.

44. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint – will frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

### COUNT FIVE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

45.   Plaintiff re-alleges paragraphs 1 through 44 as though set forth in full herein.

46.   The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

47.   The Plaintiff states that he was deprived of his liberty on 9 October 2014 when he was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime or violated any law in relation to Kings County Indictment Number 08504-2014.

48.   The Plaintiff states that he was detained, and forced to come to Court on every court date regarding the afore-mentioned arrest prior to the case being dismissed on the merits and sealed on 22 April 2016.

49.   The Plaintiff states that the Plaintiff had not committed any crime – in relation to Kings County Indictment Number 08504-2014 – when he was arrested by Defendant Police Detectives on 9 October 2014.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants

                                                                        -S-

Lawrence P. LaBrew, Esq. (LL4455)
Law Office of Lawrence LaBrew
Attorney for Plaintiff Joery Dorsainvil
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500