UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOERY DORSAINVIL,

                Plaintiff,                              MEMORANDUM AND ORDER
                                                                                19-CV-02323 (RPK) (SMG)
     -against-

THE CITY OF NEW YORK, MICHELLE
MORRA, and MICHELLE GERLICK,

                Defendants.
-----------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Joery Dorsainvil brings this action under 42 U.S.C. § 1983 against the City of New York and two New York City Police Department ("NYPD") detectives, alleging that an arrest and subsequent prosecution violated his constitutional rights. Defendants have moved to dismiss the claims of false arrest, false imprisonment, municipal liability, and a violation of substantive due process rights that are contained in the Third Amended Complaint ("TAC"), which is the current operative pleading. *See* Mem. of L. in Supp. of Mot. to Dismiss ("Defs.' MTD Br.") (Dkt. #46). Plaintiff has filed several motions seeking to amend his complaint another time, which were referred to Magistrate Judge Gold for a report and recommendation ("R. & R.") (Dkt. #71). Judge Gold has issued an R. & R. recommending that plaintiff's motions seeking to amend the complaint be denied because the proposed amendments would be futile. As described below, I adopt Judge Gold's R. & R. and deny plaintiff's motions seeking to amend the complaint. And for substantially the reasons set out in Judge Gold's R. & R., I also grant the partial motion to dismiss.

1

**BACKGROUND**

I assume familiarity with the underlying facts and procedural history, *see* R. &. R. at 3-6, which I describe here only as needed to address plaintiff's motion to amend and R. & R objections.

Plaintiff's TAC asserts nine claims under Section 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). He alleges false arrest, false imprisonment, a violation of substantive due process based on "reckless investigation," malicious prosecution, municipal failure to train and to supervise, two counts of fabrication of evidence, and two counts of denial of the right to a fair trial. *See generally* TAC (Dkt. #43). Plaintiff names as defendants the City of New York, NYPD Detective Michelle Morra, and former NYPD Detective Michelle Gerlick. Defendants seek to dismiss the claims for false arrest, false imprisonment, and municipal liability, as well as plaintiff's claim that defendants violated plaintiff's substantive due process rights by conducting a reckless investigation. *See generally* Defs.' MTD Br.

Plaintiff has filed several related motions seeking to amend the complaint again. These are (i) a motion to amend the complaint, *see* Pl.'s Mot. to Amend (Dkt. #55), along with a proposed fourth amended complaint ("Orig. Proposed Compl.") (Dkt. #55-1); (ii) a motion to supplement his proposed fourth amended complaint, *see* Pl.'s Mot. to Suppl. (Dkt. #61); (iii) a motion to withdraw those motions to amend and supplement, *see* Pl.'s Mot. to Withdraw (Dkt. #65); and (iv) a revised motion to amend the complaint, *see* Pl.'s Revised Mot. to Amend (Dkt. #66), along with a supplemental proposed fourth amended complaint ("Suppl. Proposed Compl.") (Dkt. #66-1) (collectively, the "amendment motions"). In plaintiff's amendment motions, he seeks to revise his municipal liability and substantive due process claims, as well as expand his claims of denial of

the right to a fair trial. He also seeks to add a procedural due process claim. *See generally* Suppl. Proposed Compl.

Judge Gold has recommended that plaintiff be denied leave to make these changes because they would be futile. Specifically, Judge Gold concludes that plaintiff fails to state a claim for municipal liability in his amendment motions; that his reckless investigation claim could not move forward as a claim of substantive due process; and that there was no reason for plaintiff to revise his claims of denial of a right to a fair trial because plaintiff already adequately pleaded them in the TAC. *See* R. & R. at 8-19. Judge Gold also determined that plaintiff's proposed claim of procedural due process was time-barred. *See* R. & R. at 20-22.

Plaintiff filed timely objections to Judge Gold's R. & R. *See* Pl.'s Obj. to R. & R. ("Pl.'s Obj.") (Dkt. #72). He argues in his objections that the false arrest and false imprisonment claims should not be dismissed. Plaintiff also objects to Judge Gold's recommendation that he be denied leave to amend his substantive due process and municipal liability claims. *Id.* ¶¶ 1-3. Plaintiff generally objects to the denial of his motions to amend, supplement, and withdraw. *Id.* ¶¶ 4-5. Defendants urge the Court to adopt the R. &. R. in full. *See* Defs.' Opp'n to Pl.'s Obj. (Dkt. #73).

## STANDARD OF REVIEW

**I.      Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." To avoid dismissal on this basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facial "plausibility standard is not akin to a 'probability requirement,'" but it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ibid.* (quoting *Twombly*, 550 U.S. at 557). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid.*

## II. Review of a Magistrate Judge's Report and Recommendation

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's order on a *nondispositive* issue, then the district court "must consider" those objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). If a party timely objects to a magistrate judge's recommendation on a *dispositive* issue, then the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Statements that "simply reiterate previous arguments or make only conclusory statements" do not suffice as objections. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018) (citations omitted); *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection . . . ."). Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y.

2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015).

Courts have recognized some division in this circuit "on the issue of whether, and under what circumstances, motions to amend a pleading are dispositive or nondispositive." *Wilson v. City of New York*, No. 06-CV-229 (ARR) (VVP), 2008 WL 1909212, at *3 (E.D.N.Y. Apr. 30, 2008); *compare Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (suggesting that motions to amend are nondispositive), *with Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (finding that magistrate judge's denial of leave to file any amended complaint that contained state-law claims "effectively dismissed [plaintiff's] existing state-law claims" and "amounted to a ruling on a dispositive matter"). Although it is not apparent that *de novo* review of the R. & R. is required, I have conducted a *de novo* review of the portions of the R. & R. to which plaintiff has raised non-conclusory objections, because those portions are all closely related to the motion to dismiss that was not referred to Judge Gold. I have reviewed the remaining portions of the R. & R. for clear error.

## DISCUSSION

Defendants' motion to dismiss plaintiff's false arrest and false imprisonment claims is granted because those claims are time-barred. In addition, plaintiff's claims against the City of New York are dismissed because plaintiff has failed to adequately plead municipal liability. Finally, plaintiff's claim that the individual defendants deprived him of substantive due process by conducting a reckless investigation must be dismissed because plaintiff has failed to plead a valid

5

a substantive due process claim. And plaintiff is denied leave to amend the municipal liability and substantive due process claims because the proposed amendments would be futile.

## I.     False Arrest and False Imprisonment

Plaintiff's Section 1983 claims for false arrest and false imprisonment must be dismissed because they are time-barred. In New York, the statute of limitations for claims under Section 1983 is three years from the date on which the claim accrued. *See Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018) (citing *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)); *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (citations omitted). For false arrest and false imprisonment—the "former" of which "is a species of the latter"—that limitations period begins to run when the alleged false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017). The Supreme Court has held that in false arrest cases "where the arrest is followed by criminal proceedings," the false imprisonment ends—and the limitations period starts to run—when "the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 389, 397. Legal process begins "at least by the point a criminal defendant is arraigned on charges." *Watson*, 865 F.3d at 131 (citing *Wallace*, 549 U.S. at 391).

In this case, the statute of limitations for Mr. Dorsainvil's false arrest and false imprisonment claims began to run when he was arraigned in October 2014 and not, as plaintiff argues, when the case was dismissed in April 2016. *See* Pl.'s Opp'n to Mot. to Dismiss at 9 ("Pl.'s Opp'n Br.") (Dkt. #50). Plaintiff's reliance on the Supreme Court's recent decisions in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), and *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), is misplaced. Neither abrogated the holding in *Wallace* that false arrest and false imprisonment claims accrue once the claimant is held pursuant to legal process. In *Manuel*, the Supreme Court

confirmed that an individual has a Fourth Amendment claim under Section 1983 for unlawful detention that continues after the initiation of criminal proceedings, but the Court declined to define the "contours" of such a "post-legal-process pretrial detention" claim—including "its rule of accrual." 137 S. Ct. at 920-21. In leaving that determination for the Seventh Circuit on remand, the Supreme Court reiterated the holding in *Wallace* that claims for false arrest "accrue[] when legal process commences." *Id.* at 921. Likewise, in *McDonough*, the Supreme Court did not disturb the *Wallace* rule for false arrest; rather, it distinguished the accrual date for such claims from the accrual date for fabricated-evidence claims that result in "a liberty deprivation occasioned by the criminal proceedings themselves." 139 S. Ct. at 2158, 2160.

Because the three-year limitations period for plaintiff's false arrest and false imprisonment claims began to run when he was arraigned in October 2014, and because plaintiff did not initiate this lawsuit until over four and a half years later, those claims are time-barred.

**II.      Municipal Liability**

Plaintiff's TAC seeks to hold the City of New York liable for defendants Morra and Gerlick's alleged violations of his constitutional rights. TAC at ¶¶ 58-66. Defendants move to dismiss the municipal liability claim, *see* Defs.' MTD Br. at 7-11, and plaintiff moves to amend his complaint to further develop it, *see* Suppl. Proposed Compl. at ¶¶ 98-117. I grant the motion to dismiss and adopt Judge Gold's recommendation to deny plaintiff leave to amend. *See* R. & R. at 10-14.

**A. Motion to Dismiss**

The motion to dismiss is granted because plaintiff has not alleged facts that plausibly show municipal liability. A municipality such as the City of New York can be liable under Section 1983 only if an "action pursuant to official municipal policy of some nature" caused the alleged

deprivation of plaintiff's rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60 (citations omitted). A plaintiff who seeks to hold a municipality liable under Section 1983 must "plead and prove three elements": (i) the existence of "an official policy or custom" (ii) that "causes the plaintiff to be subjected to" (iii) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). A plaintiff can establish a municipal policy by pointing to "decisions of a government's lawmakers, the acts of its policymaking officials, . . . practices so persistent and widespread as to practically have the force of law . . . [or,] [i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights." *Connick*, 563 U.S. at 61 (citations omitted). But a "mere assertion" that "a municipality has . . . a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers*, 890 F.3d 386, 403-04 (2d Cir. 2018) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)).

The TAC seeks to establish municipal liability based on failure to train and failure to supervise. To succeed on a "failure to train or supervise" theory, a plaintiff must show that a municipality's alleged failure "amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Wray*, 490 F.3d at 195 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see Reynolds v. Giuliani*, 506 F.3d 183, 190-91 (2d Cir. 2007). A municipality is deliberately indifferent when: (i) "a policymaker knows 'to a moral certainty' that city employees will confront a particular situation"; (ii) "the situation either presents the employee

8

with 'a difficult choice of the sort that training or supervision will make less difficult' or 'there is a history of employees mishandling the situation'"; and (iii) "'the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.'" *Wray*, 490 F.3d at 195-96 (quoting *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)).

Here, plaintiff claims that the City of New York failed to train or supervise NYPD detectives regarding the importance of probable cause, their "duty to be truthful," and their general obligations under the Fourth and Fourteenth Amendments. *See* TAC ¶¶ 58-66. Plaintiff provides almost no support for his assertion that the City's training and supervision efforts are inadequate in these ways—let alone so inadequate as to constitute deliberate indifference. *Ibid.* Indeed, besides pointing to one prior lawsuit brought against defendant Morra (which plaintiff does not describe), plaintiff appears to rely entirely on his account of his own arrest and prosecution to support his claim.

Plaintiff's conclusory assertions, without more, do not adequately support a "reasonable inference that the [City of New York] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see Nunez v. City of New York*, No. 14-CV-4182 (RJS), 2016 WL 1322448, at *9 (S.D.N.Y. Mar. 31, 2016) ("[M]ere allegations of . . . inadequate training and/or supervision are inadequate to demonstrate the existence of such a [municipal] custom unless supported by factual details." (internal quotations omitted)), *aff'd*, 735 F. App'x 756 (2d Cir. 2018); *Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (noting that it is generally inadequate for a plaintiff to allege that a "municipality was 'deliberately indifferent' to the need to train . . . or supervise an officer" without "alleging any facts beyond the specific instance giving rise to the complaint") (citing *Dwares*, 985 F.2d at 101). Plaintiff cannot plausibly allege that the City was deliberately indifferent merely by stating—based on plaintiff's individual

9

interaction with two NYPD detectives—that the City must not have trained or supervised its NYPD detectives with respect to basic concepts like truthfulness. *See Wray*, 490 F.3d at 195-96; *see also Williams v. City of New York*, 690 F. Supp. 2d 338, 345-46 (S.D.N.Y. 2010) (finding that "bare-bones, conclusory allegations" were insufficient).

Plaintiff's reference to a lawsuit that was previously brought against one of the individual defendants does not salvage his claim. Although courts in this circuit have "assigned different levels of significance to the filing of prior lawsuits," *Calderon*, 138 F. Supp. 3d 593, 612 (S.D.N.Y. 2015), plaintiff's reference to one lawsuit, the facts of which he does not even describe, is clearly inadequate as a basis for a *Monell* claim, *see id.* at 614 (finding that a complaint that cited 16 lawsuits without drawing upon any of the records did not state a failure-to-train or failure-to-supervise claim); *compare Nunez*, 2016 WL 1322448, at *9-*10 (finding that a "list of forty-seven cases spanning over two decades" involving prosecutorial misconduct was not sufficient, absent any "comparable survey of favorable decisions," to state a claim for failure to train or discipline), *with Felix v. City of New York*, 344 F. Supp. 3d 644, 660 (S.D.N.Y. 2018) (finding that plaintiffs adequately alleged a failure-to-train theory when they pointed to a "specific training deficiency . . . later pinpointed by the NYPD itself," a pattern of lawsuits, and a corroborating report from the Office of the Inspector General for the NYPD). Because plaintiff has not pleaded facts that plausibly set forth a claim for municipal liability, defendants' motion to dismiss is granted as to this claim.

### B. Leave to Amend

Applying *de novo* review, I accept and adopt Judge Gold's recommendation to deny leave to file revised municipal liability claims in a fourth amended complaint. Plaintiff includes no new facts in his proposed complaint. While courts in this circuit have not been uniform as to whether

a plaintiff is required at the pleading stage to allege a specific deficiency in a City's training program, *compare Hunter v. City of New York*, 35 F. Supp. 3d 310, 325-26 (E.D.N.Y. 2014), *with Williams*, 690 F. Supp. 2d at 344, plaintiff's allegations that the City failed to adequately train its officers are conclusory even if a plaintiff can survive dismissal without alleging the precise manner in which a training program falls short. Rather than setting forth facts from which a fact-finder could infer training deficiencies, plaintiff himself appears to suggest in his objections to the R. & R. that the individual defendants' alleged actions in this case are probably not the result of a deficient training program. *See* Pl.'s Obj. ¶ 3 ("One would think that Detectives are trained to build a case on legally acceptable methods—not by creating false evidence and presenting it to courts and public officials in violation of their oath.").

Nor am I persuaded, at this stage, by the police personnel records that plaintiff provided in a letter to this Court—after the briefing on his motions to amend was complete—listing apparent "adverse credibility findings" against various officers not involved in this case. Pl.'s Letter, June 26, 2020 at 1, Ex. 1 (Dkt. #70). As Judge Gold observed, the list alone provides no context for assessing the prevalence of adverse credibility findings against officers over time. *See* R. & R. at 14. Without more, plaintiff cannot demonstrate that the alleged violations of his constitutional rights were caused by any failure to train or supervise the individual defendants. *See Calderon*, 138 F. Supp. 3d at 612, 614.

**III.** **Substantive Due Process Claim for Reckless Investigation**

In the TAC, plaintiff includes a claim for a "substantive due process violation for reckless investigation." TAC at ¶¶ 48-50. Plaintiff states that the individual defendants "intentionally conducted a reckless investigation in that [they] seized/arrested and detained" him on October 9, 2014, "without probable cause, or arguable probable cause." *Id.* ¶ 50. Defendants moved to

11

dismiss plaintiff's substantive due process claim, *see* Defs.' MTD Br. at 5-6, and plaintiff has moved to amend it, *see* Pl.'s Revised Mot. to Amend at 20-22. I grant the motion to dismiss and adopt Judge Gold's recommendation to deny plaintiff leave to amend his substantive due process claim. *See* R. & R. at 8-10.

### A. Motion to Dismiss

Plaintiff's claim of a substantive due process violation based on reckless investigation must be dismissed because plaintiff's claim of reckless investigation sounds entirely in the Fourth Amendment. When an Amendment contains "an explicit textual source of constitutional protection," that Amendment "must be the guide for analyzing" the right that the specific text safeguards, rather than the "more generalized" notion of substantive due process. *Bryant v. City of New York*, 404 F.3d 128, 135 (2d Cir. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)); *see County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (noting that "[s]ubstantive due process analysis" is "inappropriate" when a claim "is 'covered by' the Fourth Amendment" (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997))). Here, the constitutional injury plaintiff alleges in his reckless investigation claim is an unreasonable seizure. TAC ¶ 50 (alleging that certain defendants "conducted a reckless investigation in that the Defendants seized/arrested and detained the Plaintiff—on or about 9 October 2014—without probable cause, or arguable probable cause, to believe that the Plaintiff had committed a crime"). That is a harm addressed by the Fourth Amendment. *See Manuel*, 137 S. Ct. at 917 (stating that an allegation of an unreasonable seizure fits the Fourth Amendment "as hand in glove"). Thus, plaintiff cannot style his reckless investigation claim as an independent substantive due process claim.

Plaintiff's argument that this claim is appropriately framed as a substantive due process claim because defendants fabricated the evidence they relied on to arrest and detain him, *see* Pl.'s

12

Opp'n Br. at 15-19, is unavailing. Plaintiff is correct that the use of fabricated evidence can violate constitutional protections other than the Fourth Amendment. *See, e.g.*, *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (explaining that the use of fabricated evidence can deny the accused the Sixth Amendment right to a fair trial); *see also Gallimore v. Feliciano*, No. 14-CV-1519 (NSR) (LMS), 2015 WL 3856694, at *8 n.5 (S.D.N.Y. June 19, 2015). But plaintiff's claim is that the fabricated evidence resulted in an unreasonable seizure—a Fourth Amendment violation. TAC ¶ 50. It therefore remains barred by the "explicit textual source" doctrine. *See Bryant*, 404 F.3d at 135.

Plaintiff also argues in his opposition brief that his reckless investigation claim implicates procedural due process under the Fourteenth Amendment. I do not consider that argument in assessing defendants' motion to dismiss because a claim of procedural due process was not alleged in the TAC. *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *Usavage v. Port Auth. of New York & New Jersey*, 932 F. Supp. 2d 575, 601 (S.D.N.Y. 2013).

### B. Leave to Amend

Applying *de novo* review, I accept and adopt Judge Gold's recommendation that plaintiff be denied leave to amend his complaint to split his substantive due process claim into two claims—one against each individual defendant—and to add specific references to his fabricated-evidence allegations in his substantive due process claims. As Judge Gold explained, these amendments to plaintiff's substantive-due-process claims would be futile because—even as amended—the constitutional violations that plaintiff is alleging are cognizable under the Fourth Amendment, instead of under principles of substantive due process. Plaintiff's objection to the R. & R.—that the "facts in this case go well beyond the Fourth Amendment," Pl.'s Obj. at 3—does not undermine Judge Gold's analysis for the reasons described above.

**IV.      Additional Issues Raised in the Amendment Motions**

I accept and adopt Judge Gold's remaining recommendations.  Specifically, I adopt the recommendation that plaintiff be denied leave to expand his claims based on denial of a right to a fair trial, *see* R. & R. at 15-19, and the recommendation that plaintiff's request to amend his complaint to add a procedural due process claim "based on defendants' seizure of the plaintiff in violation of Article 1, Section 12 of the New York State Constitution," Suppl. Proposed Compl. ¶¶ 76-80, be denied because it is more appropriately understood as a false arrest or false imprisonment claim, *see* R. & R. at 20-22.  Plaintiff does not specifically object to these remaining portions of the R. & R., other than to make a very general and conclusory objection to the recommendation that his amendment motions be denied.  As such, I review the remaining portions of Judge Gold's R. & R. for clear error, *see Fischer*, 286 F. Supp. 3d at 601, and adopt those portions of the R. & R. because I find none.

## CONCLUSION

The defendants' partial motion to dismiss plaintiff's false arrest, false imprisonment, municipal liability, and reckless investigation claims in the TAC is granted.  Judge Gold's R. & R. is adopted as described above.  Plaintiff's motions to amend the complaint at Dkt. 55 and Dkt. 66, to supplement at Dkt. 61, and to withdraw at Dkt. 65 are denied.

          SO ORDERED.

                                                                */s/ Rachel Kovner*
                                                                RACHEL P. KOVNER
                                                                United States District Judge

Dated:  November 4, 2020
           Brooklyn, New York

14