UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
JOERY DORSAINVIL

           Plaintiff

v.

NEW YORK CITY POLICE DETECTIVE
MICHELLE MORRA, SHIELD NO. 28880

FORMER NEW YORK CITY POLICE
DETECTIVE MICHELLE GERLICK

           Defendants
-------------------------------------------------------

**THIRD AMENDED COMPLAINT**
Civil Case No. 19-cv-02323 (AMD) (SMG)
Under the Civil Rights Act.
42 U.S.C. § 1983

1. Now comes the Plaintiff Joery Dorsainvil, by and through his attorney, Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, complaining against the following Defendants and alleging the following:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth – and Fourteenth – Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because the City of New York is located in this District and the Defendants are located in Kings County.

DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

PARTIES

6. Plaintiff Joery Dorsainvil is a citizen of the United States who resides in New York City.

7. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

8. Defendant New York City Police Detective Michelle Morra, Shield No. 28880 is being sued individually and in an official capacity.

9. Michelle Gerlick, a former New York City Police Detective, is being sued individually and in an official capacity.

10. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

11. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

12. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other

supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

13. Each of the Defendants are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City of New York or by agents and officers under the direction and control of the City of New York, and by failing to take remedial or disciplinary action against said agents or officers.

## FACTS

14. Plaintiff Joery Dorsainvil was arrested on 9 October 2014 by former New York City Police Detective Michelle Gerlick under Arrest Number K14690845.

15. The Plaintiff was charged with various criminal offenses, in relation to Arrest Number K14690845, under Kings County Docket Number 2014KN076796, and Kings County Indictment Number 08504-2014.

16. The Plaintiff was detained by the New York City Police Department, and the New York City Department of Corrections, from 9 October 2014 until his release from custody on 22 April 2016. *See* Exhibit 1 (Business Record from the New York City Department of Corrections).

17. On 9 October 2014 the Plaintiff was seized – pursuant to the Fourth Amendment – by the Defendants. No criminal action had commenced – regarding Kings County Indictment Number 08504-2014 – on 9 October 2014. On 9 October 2014, Detective Morra fabricated a false confession/admission, claiming that the Plaintiff confessed – or admitted – to shooting the victim related to Kings County Indictment Number 08504-2014. On 9 October 2014, the Plaintiff was not represented by Counsel when Defendant Morra fabricated a confession/admission.

18. On 10 October 2014, a criminal action was commenced against the Plaintiff in the Criminal Court of the City of New York – Kings County – under Docket Number 2014KN076796 (later indicted under Kings County Indictment Number 08504-2014). Defendant Detective Gerlick signed a felony complaint commencing the action. The Plaintiff was arraigned on 10 October 2014. The Plaintiff's Indelible Right to Counsel – under New York State Law – attached on 10 October 2014.

19. The Prosecution served notice of Defendant Morra's fabricated confession/admission – pursuant to N.Y. CRIM. PROC. LAW § 710.30 (1) (a) – at the Plaintiff's arraignment on

10 October 2014.

20. Defendant Detective Morra fabricated a confession/admission – related to the Plaintiff – prior to any grand jury proceeding relating to Docket Number 2014KN076796 (later indicted under Kings County Indictment Number 08504-2014), and prior to the preparation for any grand jury proceeding relating to Docket Number 2014KN076796 (later indicted under Kings County Indictment Number 08504-2014).

21. Defendant Detective Morra testified in the grand jury – under oath – that the Defendant confessed to shooting the Complainant (*hereafter* all references to the Complainant refer to the alleged victim in Kings County Indictment Number 08504-2014, and Criminal Court of the City of New York: Kings County Docket Number 2014KN076796), in the criminal case under Indictment Number 08504-2014. *See* Exhibit 2 (Grand Jury Testimony of Detective Morra).

22. The Plaintiff denies admitting to any Police Officer or Police Detective, that he committed any criminal – or non-criminal – offense related to Indictment Number 08504-2014: Kings County Docket Number 2014KN076796.

23. The Plaintiff denies confessing to any Police Officer or Police Detective, that he committed any criminal – or non-criminal – offense related to Indictment Number 08504-2014: Kings County Docket Number 2014KN076796.

24. Defendant Morra, testified under oath at trial, that she made notes during her interrogation of the Plaintiff where Defendant Morra claims that the Plaintiff allegedly made an oral confession (The Plaintiff denies confessing or admitting to any crime related to Indictment Number 08504-2014). Defendant Morra admitted under oath that nowhere

in these alleged notes does it state that the Plaintiff admitted to shooting the Complainant. *See* Exhibit 3 (Trial testimony of Defendant Morra) and Exhibit 4 (Defendant Morra's alleged notes relating to the alleged confession denied by the Plaintiff).

25. Defendant Gerlick swore, under the penalty of perjury, in a felony complaint filed in the Criminal Court of the City of New York, in Kings County, that the Complainant informed her – on or about 5 October 2014 – that the Plaintiff shot him. *See* Exhibit 5 (Felony Complaint signed under the penalty of perjury: Docket Number 2014KN076796).

26. Defendant Morra sworn under oath at trial, that on 5 October 2014, Defendant Morra and Defendant Gerlick, were unable to see – or speak with – the Complainant referenced in Exhibit 5 (the felony complaint). *See* Exhibit 6 (sworn testimony of Defendant Morra).

27. Defendant Gerlick sworn, under oath at trial, that she went to see the Complainant at the hospital on 6 October, that the Complainant could not talk, and that the Complainant did not tell her that the Plaintiff shot him. *See* Exhibit 7 (Defendant Gerlick sworn testimony under oath at trial).

28. The Complainant swore under oath at trial – while being questioned by the Prosecution – that he never told any New York City Police Department Detective – including the Defendant Detectives – that the Plaintiff shot him. *See* Exhibit 8 (Complainant's sworn trial testimony).

29. The Complainant did not testify in the grand jury because he was unable to speak for approximately a month and a half, to two months, after the incident on 5 October 2014. *See* Exhibit 9 (Sworn trial testimony of the Complainant), Exhibit 10 (Criminal Court Minutes for the 14 October 2014 N.Y. CRIM. PROC. LAW § 180.80 date), Exhibit 11

(Criminal Court Minutes for the 15 October 2014 N.Y. CRIM. PROC. LAW § 180.80 date), and Exhibit 12 (Criminal Court Minutes for the 17 October 2014 N.Y. CRIM. PROC. LAW § 180.80 date).

30. The above-referenced case, under Kings County Indictment Number 08504-2014 (lower court Docket Number 2014KN076796), was dismissed and sealed on the merits on 22 April 2016. *See* Exhibit 13 (Supreme Court of the State of New York, Kings County Certificate of Disposition Number: 56467).

31. Upon information and belief, that being Plaintiff Joery Dorsainvil, the Plaintiff denies committing any of the afore-mentioned criminal offenses, and the Plaintiff states that he was seized/arrested for the above-mentioned charges – related to indictment Number 08504-2014 – without probable cause, or arguable probable cause.

32. Upon information and belief, that being Plaintiff Joery Dorsainvil, the Plaintiff states that the reason that he was indicted by the grand jury – under Kings County Indictment Number 08504-2014 – was because Detective Michelle Morra did not tell the truth to the grand jury, and falsely told the grand jury that Plaintiff Dorsainvil make an oral confession.

33. In the State of New York, every New York City Police Officer, and New York City Police Detective is sworn to uphold the United States Constitution pursuant to Article 13, section 1, of the New York State Constitution; and, pursuant to New York State Civil Service Law section 62.

    a. "Members of the legislature, and all officers, executive and judicial, except such inferior officers as shall be by law exempted, shall, before they enter on the duties of their respective offices, take and subscribe the following oath or affirmation: "I

  do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of ------------, according to the best of my ability;" and no other oath, declaration or test shall be required as a qualification for any office of public trust . . . ." N.Y. CONST. art. XIII, § 1.

b. "Every person employed by the state or any of its civil divisions, except an employee in the labor class, before he shall be entitled to enter upon the discharge of any of his duties, shall take and file an oath or affirmation in the form and language prescribed by the constitution for executive, legislative and judicial officers, which may be administered by any officer authorized to take the acknowledgment of the execution of a deed of real property, or by an officer in whose office the oath is required to be filed. In lieu of such oath administered by an officer, an employee may comply with the requirements of this section by subscribing and filing the following statement: "I do hereby pledge and declare that I will support the constitution of the United States, and the constitution of the state of New York, and that I will faithfully discharge the duties of the position of , according to the best of my ability." Such oath or statement shall be required only upon original appointment or upon a new appointment following an interruption of continuous service, and shall not be required upon promotion, demotion, transfer, or other change of title during the continued service of the employee, or upon the reinstatement pursuant to law or rules of an employee whose services have been terminated and whose last executed oath or statement is on file. The oath of office heretofore taken by any employee as previously required by law, and the oath of office hereafter taken or statement hereafter subscribed by any employee pursuant to this section, shall extend to and encompass any position or title in which such person may serve as an employee during the period of his continuous service following the taking of such oath or subscribing of such statement, and his acceptance of such new title shall constitute a reaffirmance of such oath or statement. The oath or statement of every state employee shall be filed in the office of the secretary of state, of every employee of a municipal corporation with the clerk thereof, and of every other employee, including the employees of a public library and the employees of boards of cooperative educational services, if no place be otherwise provided by law, in the office of the clerk of the county in which he shall reside. The refusal or wilful failure of such employee to take and file such oath or subscribe and file such statement shall terminate his employment until such oath shall be taken and filed or statement subscribed and filed as herein provided." N.Y. CIV. SERV. LAW § 62.

FEDERAL CLAIMS

COUNT ONE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

34. Plaintiff re-alleges paragraphs 1 through 33 as though set forth in full herein.

35. The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

36. The Plaintiff states that he was deprived of his liberty from 9 October 2014 until 22 April 2016, when he was seized/arrested without probable cause, without arguable probable cause, without a warrant, and with malice, in that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime or violated any law in relation to Kings County Indictment Number 08504-2014. *See* Exhibit 1.

37. Plaintiff states that the Defendant Detectives were acting in an official capacity when they seized/arrested and detained the Defendant.

38. Plaintiff states that the deprivation of liberty, resulting in the governmental seizure, was in the form of legal process because Defendant Detective Gerlick filed a felony complaint against the Plaintiff under Criminal Count of the City of New York, Kings County Docket Number 2014KN076796, and that bail was set in the afore-mentioned action, and Plaintiff was detained by the New York City Department of Corrections until 22 April 2016. *See* Exhibit 5.

39. The Plaintiff states that he was detained, and forced to come to Court on every court date regarding the afore-mentioned deprivation of liberty until the criminal proceeding was terminated in favor of the Plaintiff on 22 April 2016. *See* Exhibit 13.

40. The Plaintiff states that the Plaintiff had not committed any crime – in relation to Kings

>County Indictment Number 08504-2014 – when he was arrested/seized by Defendant Police Detectives on 9 October 2014.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO: FABRICATION OF EVIDENCE

41. Plaintiff re-alleges paragraphs 1 through 40 as though set forth in full herein.

42. Plaintiff states that Defendant Michelle Gerlick fabricated evidence when she falsely swore under the penalty of perjury – in a felony complaint charging the Plaintiff with criminal offenses – that she was informed by the Complainant – involved in the underlying criminal case – that the Plaintiff allegedly shot the Complainant.

43. The false allegations of the Defendant Michelle Gerlick – said allegations being the basis for fabricating evidence in the form of a felony complaint charging the Plaintiff with criminal offenses – denied the Plaintiff due process in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT THREE: FABRICATION OF EVIDENCE

44. Plaintiff re-alleges paragraphs 1 through 43 as though set forth in full herein.

45. Plaintiff states that Defendant Detective Michelle Morra fabricated evidence when she falsely fabricated a statement alleging that the Plaintiff confessed/admitted to a crime – on 9 October 2014 – in that the Defendant Detective lied and fabricated a confession/admission alleging that the Plaintiff confessed, or admitted to committing a crime involving the Complainant in the underlying criminal case that is a subject of this civil action.

46. The Plaintiff states that Defendant Detective Michelle Morra fabricated a confession/admission involving the Plaintiff prior to the commencement of any grand jury proceeding, prior to the preparation for any grand jury proceeding, and prior to commencement of any criminal case involving Docket Number 2014KN076796 (later

       indicted under Kings County Indictment Number 08504-2014).

47.     The Plaintiff denies confessing to, or admitting to, committing any crime in related to the underlying criminal case that is the subject of this action.

48.     The afore-mentioned fabrications of evidence, by Defendant Detective Morra, denied the Plaintiff due process in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FOUR: DENIAL OF A RIGHT TO A FAIR TRIAL

49.     Plaintiff re-alleges paragraphs 1 through 48 as though set forth in full herein.

50.     The Plaintiff states that Defendant Police Detective Michelle Morra was an Investigating Detective, for the New York City Police Department, related to Docket Number 2014KN076796 (later indicted under Kings County Indictment Number 08504-2014).

51.     The Plaintiff states that Defendant Police Detective Michelle Morra fabricated a false

   statement, and attributed said fabricated statement (in the form of a false confession/admission) to Plaintiff Joery Dorsainvil – on 9 October 2014 – related Docket Number 2014KN076796 (later indicted under Kings County Indictment Number 08504-2014).

52. The above-mentioned fabricated confession/admission was likely to influence the jury's verdict because Detective Morra lied and said that the Plaintiff admitted to shooting another individual with a handgun without justification – or any other legal defense – under New York State Law.

53. Defendant Detective Morra forwarded this fabricated evidence to the Kings County District Attorney's Office, and that Office served notice of the afore-mentioned fabricated confession at the Plaintiff's arraignment on the Felony Complaint.

54. The Plaintiff suffered a deprivation of his liberty because of this fabricated confession/admission, because he was detained in custody from 9 October 2014 to 22 April 2016.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FIVE: DENIAL OF A RIGHT TO A FAIR TRIAL

55. Plaintiff re-alleges paragraphs 1 through 54 as though set forth in full herein.

56. The Plaintiff states that Defendant Police Detective Michelle Gerlick was an Investigating Detective, for the New York City Police Department, related to Docket Number 2014KN076796 (later indicted under Kings County Indictment Number 08504-2014).

57. The Plaintiff states that Defendant Police Detective Michelle Gerlick fabricated a false felony complaint under Kings County Docket Number 2014KN076796.

58. The Plaintiff states that the false sworn statements – that were memorialized in the fabricated felony complaint – would likely influence the jury's verdict because the Detective fabricated evidence and said that the alleged victim told her that the Plaintiff shot him with a handgun.

59. Defendant Detective Morra forwarded this fabricated evidence to the Kings County District Attorney's Office, and memorialized this false statement in a sworn felony complaint that was given to the Kings County District Attorney's Office, and filed with the Criminal Court of the City of New York in Kings County.

60. The Plaintiff suffered a deprivation of his liberty because of this fabricated evidence because it was written in a sworn felony complaint that was the charging document when the Court set bail at $250,000 insurance company bond over $100,000 case, and the Plaintiff was detained in custody from 9 October 2014 to 22 April 2016.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of two (2,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Respectfully,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq. (LL4455)
Law Office of Lawrence LaBrew
Attorney for Plaintiff Joery Dorsainvil
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500
labrewlaw@gmail.com